**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **MANDIE WALKER,** | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 5:09-CV-16 (HL) |
| | : |
| **DOLGENCORP, LLC**, | : |
| | : |
| Defendant. | : |
| | : |
| _____ | : |

**ORDER**

Currently before the Court is the Unopposed Motion for In Camera Review and Approval of the Parties' Confidential Settlement Agreement, or in the alternative, Motion for Reconsideration (Doc. 30).

On January 19, 2010, this Court entered an order (Doc. 29) denying the parties' motion for leave to file their settlement agreement under seal. The Court informed the parties that it would reconsider the ruling if the parties could show good cause for filing the document under seal.

The parties contend that they have shown good cause to warrant filing the settlement agreement under seal because they have agreed with each other to keep the settlement confidential, because the public does not have a significant interest in the litigation, and because disclosure of the settlement terms "would unnecessarily and inappropriately impact the various Plaintiffs' beliefs in the values of their cases," (Doc. 30, p. 3) and "will adversely impact the Parties' ability to negotiate and

evaluate each of the hundreds of remaining Transferred Cases on its individual merits." (Doc. 30, p. 5). The parties also state that because other judges in this district have agreed to seal the settlement agreements, this Court should do the same for the sake of consistency.

The courts are public institutions. When litigants elect to bring their cases here the cases become a matter of public record. The public has an interest in knowing what transpires in the courts and should have reasonable access to court business. Accordingly, cases and settlements should not be sealed except for good reasons. National or state security, or real (as opposed to imaginary) danger to life, limb, property or health may be good reasons. But just not wanting the public to know what a particular litigant is doing or has done is not a good reason. Except in an unusual case, the Court does not believe that it should approve a settlement and then deny access to the public as to what it has done, and just because other judges may choose to handle cases before them differently does not mean that this Court should abandon its standard policy of transparency in its cases.

The Court finds that the reasons stated by the parties do not constitute good cause for filing the settlement agreement under seal. Accordingly, the Motion (Doc. 30) is denied.

SO ORDERED, this the 5th day of February, 2010.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh

2